UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHRISTOPHER THIEME,

    Petitioner,

v.

DAVID E. ORTIZ,

    Respondent.

Civil Action
No. 20-14835 (CPO)

OPINION

**O'HEARN, District Judge.**

Petitioner is a federal prisoner, and he is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) For the reasons set forth below, the Court will deny the Petition.

### I.    BACKGROUND

This case arises from the Bureau of Prisons' ("BOP") calculation of Petitioner's potential Good Conduct Time ("GCT") credits, under the First Step Act ("FSA"), Pub. L. No. 115-391, § 102(b)(1)(A), 132 Stat. 5194 (2018). *See* 18 U.S.C. § 3624(b)(1), 28 C.F.R. § 523.20. By way of background, in December of 2016, a Court in this District sentenced Petitioner to 210 months in prison for one count of attempt to kidnap and commit theft, and 120 months for one count of murder for hire racketeering, to run concurrently. *United States v. Thieme*, Crim. No. 16-294, ECF Nos. 10, 17 (D.N.J.).

In his Petition, Petitioner argues that he should be entitled to a total of 972 days of GCT, and not the 944 days under the BOP's calculation. (ECF No. 1-2, at 7.) Petitioner argues that the BOP is improperly prorating the maximum amount of GCT he can accrue, for the final year of his sentence. (*Id.* at 4–9.) In terms of relief, Petitioner seeks a recalculation of his potential GCT to 972 days, as well as injunctive, declaratory, and mandamus relief, to that same end. (*Id.* at 9.)

Petitioner admits that he has not exhausted his administrative remedies as to his claims, and the parties dispute whether exhaustion is required[1] to pursue his claims. (*Id*. at 8; ECF No. 9, at 9.) Respondent filed an Answer opposing relief, (ECF No. 9), and Petitioner filed a Reply, (ECF No. 10). Additionally, the Court ordered and received supplemental briefing from the parties. (ECF Nos. 16, 17, 18, 19, 20.)

## II.   STANDARD OF REVIEW

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). If a court does not dismiss the petition at the screening stage, the court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

---

[1] As the Court intends to deny the Petition on the merits, the Court will construe his claims as pure statutory construction claims and assume *arguendo* that Petitioner is not required to exhaust his administrative remedies. *See Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016) ("exhaustion is not required with regard to claims which turn only on statutory construction"); *Goodman v. Ortiz*, No. 20-7582, 2020 WL 5015613, at *3 (D.N.J. Aug. 25, 2020).

### III.   DISCUSSION

#### A.  Administrative Procedures Act Claim

First, the Court will address Petitioner's claim under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A), as it is facially meritless.  Petitioner contends that his statutory construction claim, discussed in greater detail below, would entitle him to relief under the APA.

The APA provides that a reviewing court may "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id*.  Pursuant to 18 U.S.C. § 3625, however, "the provisions of . . . [5 U.S.C. § 706], *do not apply* to the making of any determination, decision, or order under this subchapter." (emphasis added).  In other words, § 3625 states that the APA sections governing judicial review do not apply to decisions under the same subchapter, *i.e.*, Subchapter C of the Postsentence Administration statute. 18 U.S.C. § 3625.  This subchapter includes § 3624, the statute which, as set forth below, confers upon the BOP authority to credit prisoners with GCT credit.

As a result, even assuming that Petitioner's statutory construction claim had merit, the BOP's determination regarding his GCT allotment is not subject to judicial review under the APA. *See, e.g.*, *Goodchild v. Ortiz*, No. 21-790, 2021 WL 3914300, at *19 (D.N.J. Sept. 1, 2021); *Coburn v. Spaulding*, No. 20-01389, 2021 WL 3026851, at *5 (M.D. Pa. June 15, 2021).  Accordingly, the Court will deny Petitioner's APA claim.

#### B.  Remaining Claims

Returning then to Petitioner's statutory construction claim, Petitioner contends that the BOP's calculation of his potential GCT, of 944 days is erroneous, and that he should be entitled to 972 days.  Petitioner argues that "Section 102 (b)(1)(A) of the First Step Act, codified at 18 U.S.C.

§ 3624(b)(1)," requires that "the annual allotment of 54 days of GCT . . . be granted on that last year's first day," without proration. (ECF No. 1-2, at 4.)  As a result, Petitioner argues that he is entitled to the full 54-day annual GCT allotment on the first day of his last year of imprisonment. (*Id.*)  Although Petitioner's states that he seeks an order "compelling [the] BOP to grant" him the GCT days at issue, the Court will construe the Petition as seeking an order to change the BOP's calculation of *potential* GCT days. (ECF No. 8.)[2]  In response, Respondent contends that the BOP's proration policy is a reasonable interpretation of the statute and that Petitioner's interpretation of the statute is irrational and would lead to absurd results.

When faced with an issue of statutory construction, courts must first "start . . . with the statutory language." *United States v. Brow*, No. 22-2203, 2023 WL 2443081, at *4 (3d Cir. Mar. 10, 2023).  Courts should generally interpret words "as taking their ordinary, contemporary, common meaning . . . at the time Congress enacted the statute." *Wisconsin Cent. Ltd. v. United States*, 138 S. Ct. 2067, 2074 (2018) (internal quotation marks omitted).  Courts must also read the words "in their context and with a view to their place in the overall statutory scheme." *Util. Air Regulatory Grp. v. E.P.A.*, 573 U.S. 302, 320 (2014) (quoting *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000)).  "When the words of a statute are unambiguous . . . [the] judicial inquiry is complete." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254 (1992) (internal quotation marks omitted).

In other words, a court may not "replace the actual text with speculation as to Congress' intent." *Magwood v. Patterson*, 561 U.S. 320, 334 (2010).  Rather, a court must "presume" that

---

[2] As Petitioner's release date is still many years from now, he has not yet had the opportunity to "display[] exemplary compliance with institutional disciplinary regulations," for his entire term of imprisonment. 18 U.S.C. § 3624 (b)(1).  Accordingly, it would be premature to determine whether he is immediately and directly entitled to those future GCT days.

4

"the legislature says what it means and means what it says." *Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486, 2496 (2022) (quoting *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 89 (2017)).

When there is statutory silence or ambiguity, federal agencies may exercise discretion in construing the statute, but "they must always 'give effect to the unambiguously expressed intent of Congress.'" *Util. Air Regul. Grp. v. E.P.A.*, 573 U.S. 302, 326 (2014) (quoting *National Assn. of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 665 (2007)). Under *Chevron*, "if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984). This deference applies "when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation . . . was promulgated [as a formal rule] in the exercise of that authority." *United States v. Mead Corp.*, 533 U.S. 218, 226–27 (2001).

Such rules and regulations are entitled to *Chevron* deference, which renders them "binding in the courts unless procedurally defective, arbitrary or capricious in substance, or manifestly contrary to the statute." *Id*. at 227. In other words, "[i]f a statute is ambiguous, and if the implementing agency's construction is reasonable, *Chevron* requires a federal court to accept the agency's construction of the statute, even if the agency's reading differs from what the court believes is the best statutory interpretation." *Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 980 (2005) (citing *Chevron*, 467 U.S. at 843–44, and n. 11)).

With those principles in mind, the statute at issue is 18 U.S.C. § 3624(b)(1), which states:

> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the

5

> prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), *credit for the last year of a term of imprisonment shall be credited on the first day of the last year of the term of imprisonment.*

18 U.S.C. § 3624(b)(1) (emphasis added) (footnote omitted).  Prior to the First Step Act, the final clause stated that "credit for the last year or portion of a year of the term of imprisonment *shall be prorated and credited within the last six weeks of the sentence*." First Step Act, Pub. L. No. 115-391, § 102(b)(1)(A), 132 Stat. 5194, 5210 (2018) (emphasis added).  Due to the removal of the proration language from the final clause, Petitioner argues that the statute now entitles him to the entire 54-day annual GCT allotment, on the first day of his last year of imprisonment. (ECF No. 1-2, at 4–5.)  More specifically, Petitioner contends that because Congress removed the proration language from that clause, the BOP's continued use of proration exceeds its authority and "contravenes the clear intent of" Congress. (*Id*. at 5.)

      This Court disagrees.  The plain language of § 3624(b)(1), as a whole, allows for proration even without the explicit reference in the final clause. 18 U.S.C. § 3624(b)(1).  Petitioner ignores the language earlier in the statute which states that a prisoner, "*may* receive credit toward the service of the prisoner's sentence, of *up to* 54 days for each year of the prisoner's sentence." 18 U.S.C. § 3624(b)(1) (emphasis added).  Merriam-Webster defines the preposition "up to" as "a function word to indicate a limit or boundary." *Up to*, Merriam-Webster, https://www.merriam-webster.com/dictionary/up%20to (Last visited Mar. 17, 2023).  As a result, to state that a prisoner

may receive "up to 54 days," clearly indicates that 54 is the outer limit, and that the BOP may award less than 54 days each year. 18 U.S.C. § 3624(b)(1).

Petitioner's interpretation of the statute, that he is entitled to, and that the BOP must grant him, the entire annual allotment on the first day of his last year would render the words "may" and "up to" superfluous in the statute. *Id*. "It is a well-known canon of statutory construction that courts should construe statutory language to avoid interpretations that would render any phrase superfluous." *United States v. Cooper*, 396 F.3d 308, 312 (3d Cir. 2005); *see also TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (explaining that it is "a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant"). Consequently, Petitioner's reading would create an all or nothing scenario that conflicts with the plain language of the statute and violates a cardinal principle of statutory construction.

Further, applying Petitioner's interpretation of the statute, if an inmate's last partial year of imprisonment consisted of 4 days, but the BOP awarded him 54 GCT days on the first day of that last year, it would mean that the BOP should have released the inmate 50 days earlier. This would lead to the absurd result of the BOP detaining a prisoner beyond the expiration of his sentence. The Supreme Court has held that courts should interpret statutes to avoid absurd results. *Rowland v. California Men's Colony*, 506 U.S. 194, 200 (1993). In response, Petitioner argues that the BOP could calculate GCT credits periodically and in advance to avoid this outcome, (ECF No. 1-2, at 5), but the BOP cannot credit him with the last year's credits any earlier than the first day of his last year of imprisonment. 18 U.S.C. § 3624(b)(1) (mandating that "credit for the last year of a term of imprisonment *shall* be credited on the first day of the last year of the term of imprisonment" (emphasis added)). Thus, Petitioner's argument lacks merit.

7

Additionally, Petitioner's interpretation would lead to other absurd results. For example, consider the possibility that there are two prisoners whose sentences started at the same time. Prisoner One, with a 9 year and 11-month sentence, and Prisoner Two, with a 10 year and 1-day sentence, and that they are equal in all other respects. If the last day of Prisoner Two's sentence spilled over into January of the next calendar year, Prisoner Two would be released earlier than Prisoner One, because he gained an additional 54 GCT days that were not available to Prisoner One. Consequently, Petitioner's interpretation would lead to the absurd result of the BOP releasing Prisoner Two prior to Prisoner One, despite Prisoner Two having a longer sentence than Prisoner One.

For all those reasons, the Court finds that the plain language of § 3624(b)(1) clearly and unambiguously allows for proration, and the Court will deny Petitioner's statutory construction claim.

That said, assuming *arguendo* that the statute was silent or ambiguous on the issue of proration, the Court would still deny Petitioner's claim. During the pendency of this case, the BOP passed a final rule on the issue, which states that:

> The Bureau *will award prorated credit for any partial final year of the sentence imposed*, subject to the requirements in this section. Accordingly, BOP calculates the projected GCT credit to be awarded for any portion of a sentence that is less than a full year at a prorated amount.

28 C.F.R. § 523.20(b)(2) (emphasis added). As a result, proration is no longer a mere BOP policy that interprets 18 U.S.C. § 3624(b)(1), but rather, a formal regulation. *See generally* Good Conduct Time Credit Under the First Step Act, 87 Fed. Reg. 7938. As the BOP promulgated this regulation subject to its formal rulemaking authority, *id.*, it is entitled to *Chevron* deference. *Mead*, 533 U.S. at 226–27.

For substantially the same reasons discussed above, the Court finds that the BOP's construction of § 3624(b)(1), through 28 C.F.R. § 523.20(b)(2), to be reasonable. The BOP's regulation reasonably addresses the issue of how many GCT days a prisoner "may" receive on the first day of the last year of his term of imprisonment, "of up to 54 days." 18 U.S.C. § 3624(b)(1). By prorating the number of GCT days available, the BOP logically chose to correlate a prisoner's potential GCT allotment with the amount of time remaining in his sentence in his final partial year. This interpretation also avoids the absurd results inherent in Petitioner's reading of the statute. As the BOP's interpretation is logical, it was not "arbitrary and capricious." *Mead*, 533 U.S. at 227.

Moreover, as discussed above, the statute's plain language allows for proration through the use of the words "may" and "up to," 18 U.S.C. § 3624(b)(1), therefore, the BOP's interpretation is not "manifestly contrary to the statute." *Mead*, 533 U.S. at 227. Since the BOP's interpretation of § 3624(b)(1) is reasonable, this Court must accept the agency's construction of that statute. *Nat'l Cable*, 545 U.S. at 980. Accordingly, even assuming that § 3624(b)(1) was silent or ambiguous on the issue of proration, Petitioner is not entitled to habeas relief on his statutory construction claim.

Finally, for substantially the same reasons, because Petitioner's statutory construction claim lacks merit, he cannot rely on that claim to demand alternative forms of relief, such as declaratory, injunctive, or mandamus relief. (ECF No. 1-2, at 1, 9 (summarily concluding that Petitioner's statutory construction claim also entitles him to alternative forms of relief).) Consequently, the Court will deny Petitioner's requests for those alternative forms of relief. (*Id*. at 9.)

## IV. CONCLUSION

For the foregoing reasons, the Court will deny the Petition.  An appropriate Order follows.

DATED:  March 29, 2023

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**
